UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANTHONY X. JACKSON, | No. CV 14-9745 DMG (FFM) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM |
| v. | |
| LOS ANGELES CO. SHERIFFS DEPT., *et al.*, | |
| Defendants. | |

Plaintiff, a prisoner in state custody proceeding *pro se*, brings this action under 42 U.S.C. § 1983 ("Section 1983") against the County of Los Angeles Sheriff's Department ("LASD") and 100 Doe defendants. The Court has reviewed plaintiff's complaint (the "Complaint") in connection with considering plaintiff's request to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. For the reasons that follow, the Court finds that the Complaint fails to state a claim upon which relief can be granted. The Court thus orders plaintiff to show cause why this action should not be dismissed. **Plaintiff may discharge the order to show cause by submitting, within 30 days, an amended complaint that remedies the deficiencies set forth herein.**

///

///

///

///

**DISCUSSION**

To state a claim against a particular individual defendant for violation of his civil rights under Section 1983, a plaintiff must allege that the defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *Karim-Panachi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988). In Claim One, plaintiff alleges that Doe custody and transportation staff at the Los Angeles County Men's Central Jail ("MCJ") ordered his transportation to another facility, despite their knowledge that he was under a medical order precluding his transportation. (Complaint at 5.) Plaintiff does not specify the Constitutional right or federal statute violated by the Doe staff members' alleged conduct. (*Id.* at 5, 6.) Moreover, assuming that plaintiff attempts to bring a deliberate indifference claim, he fails to allege that he suffered harm as a result of the Doe defendants' alleged indifference. Without such an allegation, any deliberate indifference claim fails. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (harm resulting from alleged indifference is element of Eighth Amendment deliberate indifference claim); *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir. 1998) (standards for prisoners' Eighth Amendment deliberate indifference claims apply to pretrial detainees' Fourteenth Amendment deliberate indifference claims).

In Claim Two, plaintiff alleges that Doe defendant staff at the MCJ failed to keep the Medical Department's hallway clear of obstacles and spills. As a result, plaintiff slipped in water and fell, injuring himself. (Complaint at 5.) Again, plaintiff does not specify the Constitutional right or federal statute violated by the Doe staff members' alleged conduct. (*Id.* at 5, 6.) In addition, to the extent plaintiff attempts to allege that staff were deliberately indifferent to his safety, he alleges at most negligent conduct with respect to a minor safety hazard. These allegations cannot support a deliberate indifference claim. *See*, *e.g.*, *Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996) (single defective device, creating minor safety hazard, does not violate Eighth Amendment); *Tunstall v. Rowe*, 478 F. Supp. 87, 89 (N.D. Ill. 1979) (existence of greasy staircase, which caused prisoner to fall, was "simple tort," not constitutional violation); *Snyder v.*

*Blankenship*, 473 F. Supp. 1208, 1212 (W.D. Va. 1979) (failure to repair leaking dishwasher, resulting in pool of water in which prisoner slipped and fell, did not violate Eighth Amendment).

Finally, plaintiff fails to allege any acts or omissions on the part of the LASD. Accordingly, he fails to state a claim against that entity. *See*, *e.g.*, *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1186-87 (9th Cir. 2002).

Therefore, plaintiff has failed to state a claim upon which relief may be granted. Accordingly, his IFP application should be denied and this action dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## ORDER

Rather than simply denying the IFP application and recommending dismissal of plaintiff's action, the Court will order plaintiff to show cause why this action should not be dismissed for failure to state a claim upon which relief may be granted. Plaintiff may discharge this order by submitting an amended complaint that remedies the deficiencies set forth above. Plaintiff may submit such amended complaint within 30 days of the date of this order. If plaintiff fails to submit an amended complaint that states a claim within 30 days, the Court will deny plaintiff's IFP application.

IT IS SO ORDERED.

DATED: January 13, 2015

                                               /S/ FREDERICK F. MUMM
                                                 FREDERICK F. MUMM
                                         United States Magistrate Judge